UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| L.D. and M.D., <br><br> Plaintiffs, <br><br> v. <br><br> INDEPENDENCE BLUE CROSS, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF PENNSYLVANIA (DOC. NO. 15)** <br><br> Case No. 1:22-cv-00097 <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs L.D. and M.D. brought this Employee Retirement Income Security Act[1] ("ERISA") action against Defendant Independence Blue Cross. The parties have filed a Stipulated Motion to Transfer Case to the Eastern District of Pennsylvania.[2] Because the parties have shown the Eastern District of Pennsylvania is a proper forum and the parties agree a change of venue serves the convenience of the parties and the interests of justice, the motion is granted.

ANALYSIS

Section 1404(a) of Title 28 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

---

[1] 29 U.S.C. § 1001 *et. seq.*

[2] ("Mot.," Doc. No. 15.) A magistrate judge may rule on this motion pursuant to 28 U.S.C. § 636(b)(1)(A) because a motion to transfer venue is not dispositive. *See A.F. v. Highmark Blue Cross Blue Shield*, No. 2:19-cv-00183, 2020 U.S. Dist. LEXIS 71239, at *8 n.4 (D. Utah Apr. 21, 2020) (unpublished) ("[T]he court treats the instant motion to transfer venue as seeking non-dispositive relief.").

1

consented."[3]  To satisfy section 1404, the moving party must establish two elements.[4]  First, the party seeking transfer "must show that the transferee court is a proper forum in which the action could have been brought originally."[5]  Second, the party must establish "that the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."[6]  An ERISA case can be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."[7]

The parties have demonstrated both elements are met.  With regard to the first element, the parties indicate the Eastern District of Pennsylvania is the venue where the plaintiffs reside, where Defendant Independence Blue Cross is headquartered, and where the ERISA plan at issue is administered.[8]  With these joint assertions, the parties have met their burden to establish the Eastern District of Pennsylvania is a proper forum where the action could have been brought originally.  With regard to the second element, the parties stipulate that the transfer serves the convenience of the parties and the interests of justice.[9]

---

[3] 28 U.S.C. § 1404(a).

[4] *See Mandel v. Hafermann*, No. 2:19-cv-00563, 2020 U.S. Dist. LEXIS 96286, at *3 (D. Utah June 1, 2020) (unpublished).

[5] *Id.* (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] 29 U.S.C. § 1132(e)(2).

[8] (Mot. 2, Doc. No. 15.)

[9] (*Id.*)

## CONCLUSION

The court GRANTS the motion to transfer[10] and ORDERS that the case be transferred to the Eastern District of Pennsylvania.

DATED this 27th day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[10] (Doc. No. 15.)